UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**SHEILA R. EASLEY,**

**Plaintiff,**

**v.** **Case No. 25-CV-53**

**STATE OF WISCONSIN DEPARTMENT OF CHILDREN AND FAMILIES,**

**Defendant.**

---

# ORDER

---

**1. Background**

Plaintiff Sheila R. Easley brings this action against her employer, defendant State of Wisconsin Department of Children and Families (DCF), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. (ECF No. 2.) Easley alleges DCF discriminated against her because of her race and religion.

**2. Facts**

Easley sued DCF for retaliation for reporting race and religious discrimination. (ECF No. 2.) She proceeds *pro se*. The complaint's allegations focus on the time period from March 2022 until January 2023. (ECF No. 2 at 6–8.) As a part of her racial discrimination claim, Easley, who is Black, sought the employment files of a white

comparator, Ann Farah, to establish that Farah is similarly situated to her but treated differently due to race. (ECF No. 38 at 8.) Farah, like Easley, is a senior childcare subsidy specialist. (ECF No. 2 at 6.)

On July 6, 2026, Easley filed a motion to compel discovery responses. (ECF No. 32.) The motion is fully briefed and ready for resolution. (ECF Nos. 34, 38.)

**3. Motion to Compel**

The scope of discovery is broad, and "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1). A request for discovery "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *AM Int'l, Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D. Ill. 1981) (quoting 8 Wright and Miller, *Federal Practice and Procedure*, Civil § 2008 (1970)). "The burden is on the objecting party to show why a particular discovery request is improper." *EEOC v. Klockner H & K Machs. Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996).

When a party fails to respond to requests for production of documents, Federal Rule of Civil Procedure 37(a)(3)(B)(iv) provides that the other party may file a motion to compel discovery. The motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* Civ. L. R. 37. Additionally, the movant must "recite the date and time of the conference

or conferences and the names of all parties participating in the conference or conferences." Civ. L. R. 37. A motion to compel discovery under Rule 37(a) "is addressed to the sound discretion of the trial court." *EEOC v. Klockner H & K Machs. Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996).

## 4. Analysis

Easley's motion to compel contains eight requests for production but no certification that the parties conferred to attempt to work out their differences. *See Wilbur v. County of Waukesha*, No. 14-CV-0046, 2016 WL 4082666, 2016 U.S. Dist. LEXIS 99835, at *2 (E.D. Wis. July 29, 2016) ("It is a deliberate imperative for the parties to confer outside of the courthouse and seek a resolution to discovery disputes without the intervention of the court."). Despite the absence of a certification, Easley did provide documents demonstrating that she and the defendant did attempt to work out their differences before she brought her motion to compel. As a result, the court will address the merits of the motion.

### 4.1. Accommodations communications

Easley's Request for Production No. 1 asked DCF to "[p]roduce in native format, with metadata preserved, all drafts, revisions, and communications concerning the authorization, drafting, approval, or sending of the July 1, 2022 accommodation approval email." (ECF No. 32 at 2.) Easley's Request for Production No. 4 asked DCF to "[p]roduce

communications reflecting discussions of Plaintiff's accommodation among Human Resources, supervisors, or management." (ECF No. 32 at 2.)

In response to these requests, DCF produced the requested emails in native format and included the search terms used. (ECF No. 34 at 9.) Because it accommodated Easley's request, DCF objected to sifting through years of emails to determine whether any draft emails exist as not proportional to the needs of this case. (ECF No. 34 at 9.)

Searching for email drafts from four years ago would be disproportionate to the needs of the case. DCF has produced in native format all responsive documents from their search terms. As such, it has adequately responded to Easley's Requests 1 and 4. Easley's motion to compel further responses to Requests 1 and 4 is denied.

**4.2. Comparator duties and workload data**

Easley's Request for Production No. 7 requested documents "sufficient to show job duties assigned to and performed by [Farah] during [the time period January 10, 2020 to present]." (ECF No. 35-2 at 5.) DCF responded that Farah and Easley are not similarly situated, so Farah's information is irrelevant. (ECF No. 34 at 20.) Despite that objection, DCF provided Farah's position description, which DCF argues shows the job duties assigned to and performed by Farah. (ECF No. 34 at 10.) DCF says it also produced volume reports from March 2022 to January 2023 (ECF No. 34 at 10)—the critical window in the complaint (ECF No. 2 at 6)—that included compilations of the daily activity from employees in Easley's department.

DCF has adequately responded to Request No. 7. Easley's motion to compel a further response to Request 7 is denied.

Easley also requested "documents sufficient to show monthly workload metrics, case counts, call volumes, authorization numbers and investigation assignments for Plaintiff and [Farah] during the Relevant Time Period." (ECF No. 35-2 at 5 (Production Request No. 8).) While again not acknowledging that Farah and Easley were similarly situated, DCF nonetheless produced an excel spreadsheet showing over four years of adjusted quality assurance results and authorization outputs for Farah and Easley. (ECF No. 34 at 11.) Easley's reply requested yearly reports, in addition to the monthly summaries, because yearly reports are organized by category and would better allow her to compare workloads over time. (ECF No. 38 at 9.)

Easley has not explained why or how DCF's production is deficient. Her motion to compel further production in response to Request No. 8 is denied.

**4.3. Queue assignments and routing configurations**

Easley requested call logs, queue assignments, and routing configurations for herself and Farah from March 23, 2020, to the present. (ECF No. 35-2 at 5 (Production Requests 9 and 10).) Easley concedes that DCF produced call logs for herself and Farah from January 2022 to March 2026 but asks for information about queue assignments and routing configurations. (ECF No. 38 at 10.) But Easley did not identify why this information is relevant to her claims and how the over 300 call logs produced do not

satisfy her requests. Her motion to compel further responses to Requests 9 and 10 is denied.

**4.4. Quality assurance reviews, error assessments, or performance evaluations**

Finally, Easley requested quality assurance reviews, error assessments, or performance evaluations (collectively referred to as a personnel file) for herself and Farah from November 16, 2021, to the present. (ECF No. 35-2 at 5–6 (Production Requests 12 and 13, respectively).) DCF produced Easley's personnel file, but not Farah's. (ECF No. 34 at 13.) DCF argued that Farah and Easley are not similarly situated and, therefore, Farah's personnel file is irrelevant. (ECF No. 34 at 13.) It also argued that Farah's personnel file contains protected, personal information. (ECF No. 34 at 13.)

Nevertheless, DCF offered to produce Farah's personnel file on the condition that Easley agree to a protective order for personal information about other DCF employees. (ECF No. 34 at 13.) Easley never responded to DCF'S request to negotiate a protective order. (ECF No. 34 at 13.) Having failed to participate in negotiations over the protective order, Easley cannot now be heard to argue that she is nonetheless entitled to see Farah's personnel file. Easley's motion to compel further responses to Production Requests 12 and 13 is denied.

**4.5. Discovery deadline**

Finally, July 29, 2026, was the deadline to complete discovery. Easley requested additional time to review the flash drive she received from DCF. (ECF No. 38 at 5.) The

request is untimely, coming after the deadline to complete discovery had passed even though Easley knew the flash drive was delayed before the deadline passed. *See Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (affirming denial of motion to extend the deadline to complete discovery when the motion was filed after the deadline). The request to extend the deadline to complete discovery is denied without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery Responses (ECF No. 32) is **DENIED**.

Dated at Milwaukee, Wisconsin this 27th of August, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge