UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**SHEILA R. EASLEY,**

**Plaintiff,**

**v.** **Case No. 25-CV-53**

**STATE OF WISCONSIN DEPARTMENT OF CHILDREN AND FAMILIES,**

**Defendant.**

---

# ORDER

---

## 1. Background

Plaintiff Sheila R. Easley brings this action against her employer, defendant State of Wisconsin Department of Children and Families (DCF), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. (ECF No. 2.) Easley alleges DCF discriminated against her because of her race and religion. (*Id.*)

## 2. Facts

Easley sued DCF for retaliation for reporting race and religious discrimination. (ECF No. 2.) She proceeds *pro se*. The amended deadline for completing discovery was July 29, 2026.

On August 27, 2026, the court denied Easley's motion to compel discovery. (ECF No. 40.) In the same order, the court also denied Easley's request to reopen discovery as untimely. (*Id.* at 6–7.) On September 14, 2026, Easley filed a motion to reopen discovery. (ECF No. 41.) The motion is fully briefed and ready for resolution. (ECF Nos. 48, 52.)

**3. Legal standard**

A plaintiff must show good cause to modify the discovery deadline in a scheduling order. Fed. R. Civ. P. 16(b)(4). The good cause inquiry "primarily considers the diligence of the party seeking amendment." *Empress Casino Joliet Corp. v. Balmoral Racing Club*, *Inc.*, 831 F.3d 815, 831–32 (7th Cir. 2016) (quoting another source). The court may reopen discovery after the deadline only for "excusable neglect." *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1)(B). If a party is at fault for failing to act before a deadline or failing to secure discovery, the neglect is not excusable. *Id.*

**4. Analysis**

Easley argues that good cause is present here because she acted diligently in communicating with DCF about missing discovery before the deadline passed. (ECF No. 41, ¶¶ 58–59.) DCF responds that Easley was not diligent in pursuing discovery because discovery was open for nearly two years before she served DCF with discovery requests. (ECF No. 48 at 2.) Easley did not explain why this time frame was insufficient to complete discovery. As a result, she has not established excusable neglect and, therefore, the court will not reopen discovery.

As a part of her religious discrimination claim, Easley seeks a July 1, 2022, email containing correspondence related to her religious accommodation request. (ECF No. 52 at 4.) This email was mentioned in her complaint. (ECF No. 2 at 6.) Easley asks DCF for clarification about reasonable accommodation documents from 2021, a year prior to her accommodation request. (ECF No. 52 at 5.) Easley also identifies specific documents in her personnel file that were not included with the most recent document production. (*Id.* at 6.) Finally, Easley seeks documents related to coworker Ann Farah's pay. (*Id.* at 7.) Easley seeks to use Farah as a comparator for her racial discrimination claim. (ECF No. 40 at 2.) The court previously denied Easley's motion to compel Farah's personnel file. (*Id.* at 6.)

Easley has not moved the court to compel responses to the above allegedly deficient discovery responses. She also did not certify that she conferred with DCF to remedy these deficiencies pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37. DCF stated it would work with her in good faith to supplement any deficiencies in their discovery responses. (ECF No. 48 at 1.)

DCF is obligated to cooperate with Easley in resolving any discovery disputes that arise, and it has communicated a willingness to do so. Easley has provided no reason for believing that the parties will be unable to resolve any disputes that may arise. As such, there is no need to reopen discovery. Easley should confer with DCF regarding any outstanding discovery disputes.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reopen Discovery (ECF No. 41) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 3rd day of November, 2026..

WILLIAM E. DUFFIN
U.S. Magistrate Judge